RALPH PETRUZZI *vs.* PEDUKA CONSTRUCTION, INC.

Worcester.    May 1, 1972. — June 22, 1972.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Contract,* What constitutes, With corporation.

In an action of contract against a corporation, where prior to its incorporation the plaintiff and two others entered into an agreement to organize it and to divide its net profits and the agreement was reiterated by the parties after incorporation and the three became the corporation's only stockholders and its officers and directors, a finding was warranted that an enforceable contract existed between the plaintiff and the corporation respecting the division of its profits; it was not necessary that a formal vote be taken to bind the corporation. [192–193]

CONTRACT.    Writ in the Superior Court dated May 23, 1969.

The action was tried before *Lappin,* J.

*David A. Talman* for the plaintiff.

*Harry Zarrow* (*Edward G. Shamgochian* with him) for the defendant.

HENNESSEY, J.    This is an action of contract in which the plaintiff seeks to recover an amount equal to one-third of the net profit of the defendant corporation during the latter's 1968 fiscal year. The plaintiff's declaration was in two counts, viz., a count in express contract

and a count declaring upon an account annexed. At the close of the plaintiff's evidence, the judge granted the defendant's motion for directed verdicts and the plaintiff duly excepted. The case is before us on the plaintiff's substitute bill of exceptions. The plaintiff has argued only the exception related to the count in express contract, and we treat as waived his exception as to the account annexed. The sole question before us is whether the evidence was sufficient to warrant a verdict for the plaintiff on the express contract.

We summarize the evidence in its aspect most favorable to the plaintiff. In the fall of 1967, the plaintiff entered into a partnership agreement with one Dudley to engage in the excavation business. In the winter of 1968, the plaintiff and Dudley decided to expand their operations and, with the addition of one Kaprelian, decided to form a corporation. In February, 1968, the three individuals met at an attorney's office and entered into an agreement which, among other things, provided that the three would organize the defendant corporation, that each of them would make a capital contribution in the amount of $3,300 and that each would work full time for the corporation as equipment operators. The agreement also provided that each of them would be a director of the corporation, that each would own one-third of the outstanding common stock and that each would have an equal voice in the management of the corporation. The agreement finally provided that they would draw a weekly salary and that "around Christmas" of each year "the net profit of the corporation would be distributed in equal shares to . . . them." The plaintiff testified that the three talked about bonuses and profits and that the terms meant the same, and that the profits would be split three ways in the form of a bonus for tax reasons.

There was other evidence that, during the meeting referred to above, the articles of organization and the by-laws were executed. On or about March 1, 1968, the articles were duly filed. The plaintiff was elected the corporation's initial president and continued in that ca-

pacity until the spring of 1969. He was also elected a director. Dudley was elected clerk and director and Kaprelian was elected treasurer and director. As of April 15, 1968, there were thirty outstanding shares of common stock: ten issued to the plaintiff, ten to Dudley and ten to Kaprelian.

There was further evidence that the agreement with respect to sharing equally in the net profit of the corporation was reiterated by the plaintiff, Dudley, and Kaprelian after the organization of the corporation and that the corporation was operated informally by the three individuals without regard to its by-laws. It also appeared that the three principals commenced full time work for the corporation about March 1, 1968, and were each paid $8,885 in weekly withdrawals during 1968.

From March 1, 1968, to late November, 1968, the plaintiff worked an average of seventy hours a week operating and maintaining construction equipment. In late summer, 1968, the plaintiff and Dudley began having disagreements concerning the operation of the business. In December, 1968, the plaintiff inquired of Dudley as to the profit for the year whereupon Dudley informed him that there was no money to divide among them. However, the defendant corporation's State and Federal tax returns for the year 1968 showed a net income of $21,087. The parties then engaged in unsuccessful negotiations designed to liquidate the business. At the annual meeting of the shareholders in the spring of 1969, the plaintiff was not reëlected as an officer or director of the corporation. Thereafter, he organized his own construction company and commenced this action to recover $7,029, which is an amount equal to one-third of the corporation's net profit in 1968.

Although the agreement among the plaintiff, Dudley, and Kaprelian to divide the net profit of the corporation each year among them was first entered into prior to the defendant's incorporation, it was reiterated by the parties after incorporation. Also, the parties to the agreement were the sole stockholders of the corporation as well

as its officers and directors.   General Laws c. 155, § 6, provides that a corporation may fix the compensation of all necessary officers.   The by-laws of the defendant corporation provided that the "board of directors shall have and may exercise all the powers of the corporation."   On the facts of this case we conclude that the jury would be warranted in finding that an enforceable contract existed between the plaintiff and the defendant corporation.   It was not necessary that a formal vote be taken to bind the corporation.   *Calkins* v. *Wire Hardware Co.* 267 Mass. 52, 66–67.   *Cook* v. *Cook*, 270 Mass. 534, 540–541, and cases cited.   *Shaw* v. *Harding*, 306 Mass. 441, 446. *Uccello* v. *Gold'n Foods, Inc.* 325 Mass. 319.   On the remaining issue, namely, whether there was a breach of the contract and whether the plaintiff suffered damage thereby, it is enough to say that sufficient evidence on each issue was presented at the trial.   Accordingly, the judge should not have directed a verdict for the defendant on the count alleging an express contract.

*Exceptions sustained.*